DISTRICT COURT OF GUAM

TERRITORY OF GUAM

EDDIE PABLO PAULINO,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

Criminal Case No. 10-00063
Civil Case No. 13-00009

**ORDER**
re: Motion to Vacate Under 28 U.S.C. § 2255

A jury found Petitioner Eddie Pablo Paulino guilty of one count of Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute on February 23, 2011. He was thereafter sentenced to a term of confinement of 120 months. The Petitioner now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (the "Section 2255 motion").[1] For the reasons set forth herein, the court denies his motion.

**I.     Procedural and Factual Background**

On or about October 6, 2010, the Petitioner was charged by Indictment with the following offenses: Conspiracy to Distribute Methamphetamine Hydrochloride (Count I) in violation of 21

---

[1] Following the filing of his Section 2255 motion, the Petitioner filed a Reply Brief (ECF No. 186), a Motion to Incorporate Recent Opinions (ECF No. 187), and a Motion for Judgment on the Pleadings (ECF No. 188). The court's briefing schedule did not contemplate any further filing from the Petitioner aside from a reply brief. *See* Order (Apr. 10, 2013), ECF No. 184. The court will construe the Petitioner's additional pleadings (the Motion to Incorporate Recent Opinions and the Motion for Judgment on the Pleadings) as supplements to his Reply Brief as opposed to stand-alone motions.

U.S.C. §§ 841(a)(1), 846 and § 960(c); Conspiracy to Commit Money Laundering (Count II) in violation of 18 U.S.C. §§ 2 and 371; Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute (Count IV) in violation of 21 U.S.C. § 841(a)(1); and Money Laundering (Counts V-XV) in violation of 18 U.S.C. § 1956 (a)(1)(A)(i). ECF No. 1. Count I of the Indictment specifically charged a drug quantity of 50 or more net grams of methamphetamine hydrochloride, while Count IV of the Indictment specifically charged the Petitioner with knowingly attempting to possess with intent to distribute approximately 109.5 grams net weight of methamphetamine hydrochloride. *Id.*

The case proceeded to trial on February 9, 2011. The Government presented evidence that the Petitioner and government witness Henry Salas had been engaged in drug trafficking. At trial, Mr. Salas testified that beginning in 2008 the Petitioner recruited him to sell methamphetamine ("ice"). For several months thereafter, the Petitioner gave ice to Mr. Salas to sell, approximately 10 grams at a time. In the summer of 2008, the Petitioner's brother and codefendant, Christopher Paulino ("Christopher"), visited Guam from California. Mr. Salas testified that after the Petitioner and Christopher got into a verbal and physical fight, Christopher offered to send packages of ice directly to Mr. Salas. Mr. Salas agreed, and the packages were sent to him. Mr. Salas would then take these packages to the Petitioner's home to open and divide the ice. Mr. Salas estimated that he received packages once a month containing between three or four ounces of ice.

Mr. Salas further testified that in November 2008 the Petitioner and he were expecting another package. Unbeknownst to the Petitioner and Mr. Salas, federal agents had intercepted the package before it could be delivered. Law enforcement officers obtained a warrant to search the package and discovered therein approximately 109.5 grams of methamphetamine hydrochloride with a purity level of 91.1%. Law enforcement officers then applied for and received a warrant allowing them to install and monitor a beeper/breach-detection device in the package. The Petitioner eventually took possession of the package and brought it to his home. The Petitioner opened the package, triggering the tracking device and alerting federal agents that the package had been

breached. Law enforcement officers then forcibly entered the Petitioner's home and arrested the Petitioner.

At the close of the government's case, the Petitioner orally moved the court for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). *See* ECF No. 110. The court found that the evidence was sufficient to sustain a conviction on the counts charged in the indictment and denied the motion. *Id*. At the close of all the evidence, Petitioner renewed his motion, which was also denied. *Id*.

On February 23, 2011, the jury returned a verdict finding Petitioner guilty as to Count IV – Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute – and acquitted him on all of the other charges. ECF No. 130. The jury did not return a special verdict with regard to drug quantity as to Count IV.[2]

Thereafter, the Petitioner renewed his motion for acquittal made at the close of the government's evidence, renewed the motion for acquittal he made at the close of all of the trial evidence, and moved this court for judgment of acquittal or, in the alternative, a new trial, pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure. *See* ECF No. 137. Among the arguments raised therein, the Petitioner asserted there was insufficient evidence presented to the jury to prove that he knew there was 109.5 grams of methamphetamine in the package. The court eventually denied the Petitioner's motion for judgment of acquittal and motion for new trial in its entirety. *See* ECF No. 142.

---

[2] On February 15, 2011, the court and counsel discussed the closing jury instructions the court would be reading to the jurors, as well as the verdict forms to be given to the jurors. *See* Tr. (Feb. 15, 2011), Vol. III at 443-541, ECF No. 175. At the jury instruction conference, the Government stated that because it alleged the specific quantity of 109.5 grams of methamphetamine hydrochloride in Count IV, it would have to prove this specific amount to the jury in order for the Defendant to be convicted of Count IV. *Id*. at 525-27. Defense counsel did not disagree with the Government's position and in fact requested a change to language of the jury instruction concerning the essential elements of Count IV such that the first element required the jury to find beyond a reasonable doubt that "the defendant intended to possess 109.5 grams net weight of methamphetamine hydrochloride with intent to distribute it to another person." *Id*. at 527. This specific drug quantity was also inserted into the verdict form for Count IV at defense's counsel's request. *Id*. at 538. Thus, there was no need for the jury to return a special verdict as to the drug quantity involved in Count IV.

On September 20, 2011, the court sentenced the Petitioner to 120 months imprisonment. *See* Judgment, ECF No. 163. The Petitioner thereafter appealed, and on October 29, 2012, the United States Court of Appeals for the Ninth Circuit affirmed the Petitioner's conviction and sentence. *See* ECF No. 181.

## II. Discussion

In his Section 2255 motion, the Petitioner asserts an ineffective assistance of counsel claim, which was not raised on direct appeal. The Petitioner contends that his attorney was ineffective for failing to argue at sentencing that the Petitioner's sentence should be based on an unknown amount of drugs because the jury did not make a unanimous determination as to the drug quantity

### A. The law on ineffective assistance of counsel

The Petitioner argues that the performance of his counsel sentencing and on appeal were so ineffective that, in essence, he was denied his constitutional right to counsel. The law regarding ineffective assistance of counsel is well settled. A two-prong test has been articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), which states that to establish a claim of ineffective assistance of counsel, a petitioner must show both deficient performance by counsel (the "incompetence prong"), and that such deficient performance prejudiced his defense (the "prejudice prong"). *Id.* at 687.

To demonstrate deficient performance by his counsel, or the incompetence prong, the Petitioner must show his counsel's performance was "outside the wide range of professional competent assistance." *Id.* at 690. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. He must show that his counsel's performance failed to meet an objective standard of reasonableness. *Id.* at 689.

Under the prejudice prong, the Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. That is, he must demonstrate "that counsel's errors were so serious as to deprive [him] of a fair trial." *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not

warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

To succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test. *See id.* at 700. However, the court's analysis of an ineffective assistance of counsel claim does not require the mechanical application of the standards articulated in *Strickland*. *Id.* at 696. The *Strickland* Court explained:

> [T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697. Furthermore, in evaluating a claim of ineffective assistance of counsel, the court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. As stated by the Ninth Circuit, "we 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Jones v. Ryan*, 583 F.3d 626, 636-37 (9th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689 (citation and quotation marks omitted)). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

Thus, the court must examine the merits of each of the Petitioner's claims of ineffective assistance of counsel to determine whether he has made a showing of deficient performance and prejudice, and whether he has overcome the "strong presumption" that counsel has provided him with "adequate assistance."

**B. Whether counsel's failure to object to a sentence that was based on a drug quantity purportedly not unanimously found by a jury constitutes ineffective assistance of counsel**

The Petitioner asserts that his counsel was deficient in failing to argue at sentencing and on direct appeal that his sentence should not be based on a drug quantity of more than 50 grams of methamphetamine because the specific drug quantity was not found by a jury beyond a reasonable doubt.

As noted above, the jury did not make a specific finding as to the drug quantity for Count IV. In fact, the court previously stated that it agreed that "no rational jury could have found beyond a reasonable doubt that [the Petitioner] knew there was 109.5 grams of net methamphetamine in the package." Opinion and Order re: Motion for Judgement of Acquittal and Motion for New Trial at 7, ECF No. 142. The court further stated that "the issue of quantity of drugs is an appropriate issue for sentencing." *Id.* at 8.

The Petitioner's sentence for Count IV was based on a drug quantity that was at least 50 grams but less than 150 grams of "ice." Based on such a quantity, the Petitioner faced a maximum sentence of life imprisonment with a mandatory minimum sentence of 10 years imprisonment. *See* 18 U.S.C. §841(b)(1)(A)(viii). The Petitioner asserts that because the jury failed to make a specific finding as to the drug quantity, the court should have sentenced him under 18 U.S.C. §841(b)(1)(C), which carries a maximum sentence of 20 years imprisonment and no mandatory minimum sentence. The Petitioner claims that his counsel failed to "offer extensive arguments contesting the mandatory [minimum]" sentence. *See* Mot. to Vacate, Set Aside or Correct Sentence at 7, ECF No. 183.

The court has reviewed the transcripts of the sentencing hearings herein. *See* Tr. (Sept. 19, 2011), ECF No. 170 and TR. (Sept. 20, 2011), ECF No. 178. Contrary to the Petitioner's assertions, defense counsel argued extensively for a lower base offense level and sentence exposure based on the fact that the jury did not make a specific finding as to the drug quantity. *See* Tr. (Sept. 19, 2011) at 19-47, ECF No. 170 and TR. (Sept. 20, 2011) at 9-45, ECF No. 178.

The Petitioner further alleges that his attorney was ineffective for failing to argue this issue on appeal. The Petitioner did not provide the court with a copy of the appellate briefs, but the court

was able to review the Petitioner's appellate briefs electronically through the PACER system. *See* Defendant-Appellant's Opening Brief at 34-35, *United States v. Paulino*, No. 11-10505 (9th Cir. Feb. 16, 2012), ECF No. 8, and Defendant-Appellant's Reply Brief at 7-9, *United States v. Paulino*, No. 11-10505 (9th Cir. Apr. 13, 2012), ECF No. 19. Defense counsel specifically raised this issue on appeal. The Ninth Circuit's memorandum decision stated that it was "reviewing a challenge to the sufficiency of the evidence supporting a drug quantity determination" and eventually found that this court "did not err in sentencing [the Petitioner] to 120 months incarceration according to a U.S. Sentencing Guideline base level that was premised on the jury's finding that Paulino intended to possess 50 grams or more of methamphetamine." *United States v. Paulino*, 495 Fed. App'x. 799 (9th Cir. Oct. 29, 2012) (No. 11-10505), 2012 WL 5350954 at *3-4.[3] Accordingly, the court finds that the Petitioner failed to meet his burden of establishing that counsel's performance was deficient whether at sentencing or on appeal.

Having found that the Petitioner has failed to satisfy the first prong of the *Strickland* test, the court finds it unnecessary to address the second prong of the test. *See Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998) ("We have previously held that it is unnecessary to consider the prejudice prong of *Strickland* if the petitioner cannot even establish incompetence under the first prong.").

### C.    Applicability of *Alleyne* case

In the Motion to Incorporate Recent Opinions,[4] the Petitioner also requests the court to consider the Supreme Court's recent decision in *Alleyne v. United States*,[5] ___ U.S. ___, 133 S. Ct.

---

[3] A copy of the Ninth Circuit's unpublished decision is available on this court's docket sheet at ECF No. 181.

[4] *See* ECF No. 187. Therein, the Petitioner also cited the case of "*Ex Parte Lightfoot*, Ala. No. 1120200, 7/12/13." The court has been unable to locate said case.

[5] The Supreme Court ruled in *Alleyne* that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt. 133 S. Ct. at 2155.

2151 (2013). The Ninth Circuit has not addressed *Alleyne's* retroactive application. Nevertheless, the court agrees with other courts in this circuit that have addressed the issue, and finds that *Alleyne* does not apply retroactively. *See Nuno v. United States*, 2014 WL 1655519, *4 (E.D. Cal. Apr.24, 2014); *United States v. Castro–Prieto*, 2014 WL 1648730, *4, n. 4 (E.D. Wash. Apr.23, 2014); *United States v. Blackwell*, 2014 WL 1652483, *1 (D. Alaska Apr.23, 2014); *Cox v. Feather*, 2014 WL 1613450, *3 (W.D. Wash. Apr.22, 2014)*; United States v. Shannon*, 2014 WL 1622206, *1 (D. Or. Apr.21, 2014);*United States v. Alvarado*, 2014 WL 460946, *2 (N.D. Cal. Feb.3, 2014); *Blount v. Tews*, 2014 WL 1092843, *2 (C.D. Cal. Jan.29, 2014) report and recommendation adopted, 2014 WL 1093026 (C.D. Cal. Mar.18, 2014).[6]

Because *Alleyne* does not apply retroactively, the court finds that the Petitioner's reliance on said ruling has no merit to this Section 2255 motion seeking collateral review.

### III. Conclusion

For the foregoing reasons, the court finds that the Petitioner has failed to demonstrate that counsel's performance was deficient under the first prong of the *Strickland* test. Accordingly, the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **HEREBY DENIED.** Furthermore, the court does not find that the Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the court will **NOT** issue a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2255 Proceedings for the Untied States District Courts.

>    **/s/ Frances M. Tydingco-Gatewood**
>         **Chief Judge**
>      **Dated: Sep 24, 2014**

---

[6] The court further recognizes that courts of appeal from other circuits have considered *Alleyne's* retroactivity have determined that retroactivity does not apply. *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013); *United States v. Stewart,* 540 F. App'x 171, n. 1 (4th Cir. 2013), *In re Kemper*, 735 F.3d 211, 212 (5th Cir.2013); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1030 (10th Cir. 2013).